UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUNA CRUZ,<br><br>      Petitioner,<br><br>    v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX, *et al.*,<br><br>      Respondents. | Case No.  1:26-cv-04584  (VC)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. Nos. 1, 4 |

This habeas action concerns the detention of Petitioner Jorge Luna Cruz, a noncitizen who has lived in the United States for approximately twenty-three years. Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner is being detained without the opportunity for a bond hearing. This matter is before the Court on Petitioner's writ of habeas corpus and motion for a temporary restraining order. Dkt. Nos. 1, 4. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus and resolves his motion for a temporary restraining order as moot.[1]

## I.  BACKGROUND

Petitioner is a native of Mexico and entered the United States in 2003 when he was seventeen years old. Dkt. No. 1 ¶ 23. Based on the record before the Court, until his most recent detention, Petitioner was not encountered by immigration authorities at or near the border at the

---

[1] In setting a briefing schedule on the habeas petition, the Court indicated that it intended to rule on the habeas petition and motion for a temporary restraining order together.  Dkt. No. 8. Neither party objected to this process in their response.

time of entry, and his first interaction with the Department of Homeland Security ("DHS") appears to have occurred during his recent arrest. Petitioner was arrested by U.S. Immigrations and Customs Enforcement ("ICE") on May 18, 2026 and concurrently served with a Notice to Appear, charging him with inadmissibility under INA § 212 (a)(6)(A)(i). *See* Dkt. No. 9-1 at 1. Petitioner's next immigration hearing is scheduled for July 15, 2026 according to the Executive Office of Immigration Review docket. *See* https://acis.eoir.justice.gov/en/caseInformation. He does not appear to have any pending immigration-related applications with U.S. Citizenship and Immigration Services.

On June 15, 2026, Petitioner, proceeding pro se, filed the instant Habeas Petition challenging the lawfulness of his detention, and seeking immediate release. *See* Dkt. No. 1 at 17. Respondents filed a combined response to the Petition and motion for a temporary restraining order on June 19, 2026. Dkt. No. 9. After being appointed counsel, Petitioner filed a reply. Dkt. No. 11. Respondents' two-page opposition relies entirely on its new interpretation of 8 U.S.C. § 1225(b)(2) as mandating Petitioner's detention, a position Petitioner disputes.[2] *See id*. at 2. Respondents also attached a RAP sheet indicating that Petitioner has two prior arrests for possession of a controlled substance—one in 2014 and another in March 2026. Dkt. 9-2 at 4–5. It appears that neither arrest has resulted in any convictions.

II.    **DISCUSSION**

Courts throughout this Circuit, including this Court, have found that application of §1225(b)(2) to individuals—like Petitioner—who have lived in the country for many years pending the outcome of removal proceedings "(1) disregards the plain meaning of section

---

[2] Respondents further argue in a footnote that this Court should hold the matter in abeyance while the Ninth Circuit decides *Rodriguez v. Bostock*. While the Court of Appeals' decision might prove relevant to the statutory issue presented in this action, a somewhat unsettled legal landscape does not justify an indefinite stay, particularly where an individual is being detained without any opportunity for review of that detention. *See Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (stating that "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy"); *Irons v. Sisto*, No. S-05-0912 JAM CHS P, 2009 WL 1798262, at *1 (E.D. Cal. June 24, 2009) (denying request for "indefinite and potentially lengthy" stay to await Ninth Circuit decision).

1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases); *see also Salgado v. Warden, Golden State Annex,* No. 1:26-CV-03498-NW, 2026 WL 1354728, at *3 (E.D. Cal. May 14, 2026); *Gutierrez v. Chesnut*, No. 1:25-CV-1515-DAD-AC, 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025); *Beltran v. Noem*, No. 25-CV-2650-LL-DEB, 2025 WL 3078837, at *7 (S.D. Cal. Nov. 4, 2025) ("Petitioners' detention, as noncitizens present in the United States without being admitted or paroled … and who were residing in the country prior to being charged, is governed by the discretionary detention provision of § 1226(a)"); *Garcia v. Noem*, No. 5:25-CV-02771-ODW-PD, 2025 WL 2986672, at *4 (C.D. Cal. Oct. 22, 2025) ("the statutory text does not support Respondents' contention that § 1225 governs where, as here, an alien is present in the United States without admission"); *Aquino v. LaRose*, No. 25-CV-2904-RSH-MMP, 2025 WL 3158676, at *2 (S.D. Cal. Nov. 12, 2025); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 96 (2d Cir. 2026). The Court concurs with these prior, well-reasoned opinions, and concludes that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and that his detention, bond, and release are instead governed by 8 U.S.C. § 1226(a).

"Petitioner was entitled to the procedures and rights afforded under 8 U.S.C. § 1226(a), most notably, a bond hearing[,]" but was not provided any of those processes. *Perez v. Warden*, No. 2:26-CV-01335-DJC-AC, 2026 WL 788131, at *1 (E.D. Cal. Mar. 20, 2026) (ordering release where Petitioner was unlawfully detained under § 1225(b)(2)). As Respondents only argue that Petitioner was detained pursuant to § 1225(b)(2), and have not argued that Petitioner was lawfully detained pursuant to § 1226(a) or any other statutory authority, the appropriate remedy is Petitioner's immediate release.[3] *See, e.g.*, *Lepe*, 801 F. Supp. 3d at 1119 (granting

---

[3] Similarly, Respondents have not argued that Petitioner's prior arrests justify his detention. Had Respondents detained him pursuant to the appropriate statutory authority—and afforded him with the proper process under that statute—these prior arrests may have been relevant.

immediate release where Petitioner was unlawfully detained pursuant to Section 1225); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at \*7 (E.D. Cal. Jan. 8, 2026) (same); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at \*7 (E.D. Cal. Oct. 27, 2025) (same); *Morillo v. Albarran*, No. 1:25-CV-01533-DJC-AC, 2025 WL 3190899, at \*5 (E.D. Cal. Nov. 15, 2025); *E.L.D.M. v. Becerra*, No. 1:25-CV-01906-DJC-JDP, 2025 WL 3707140, at \*6 (E.D. Cal. Dec. 22, 2025); *Najarro-Ortega v. Warden of the California City Det. Facility*, No. 1:26-CV-1994-DC-JDP, 2026 WL 1142838, at \*4 (E.D. Cal. Apr. 28, 2026), *report and recommendation adopted*, No. 1:26-CV-01994-DC-JDP (HC), 2026 WL 1283365 (E.D. Cal. May 11, 2026).

## III.    CONCLUSION AND ORDER

In accordance with the above, IT IS HEREBY ORDERED THAT:

1.    Petitioner Jorge Luna Cruz shall be released immediately from Respondents' custody.

2.    If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.

3.    This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

4.    The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: July 1, 2026

_____
VINCE CHHABRIA
United States District Judge

4